RJG:clw                                                                    5946-25182

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK WYATT and JACALYN WYATT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Federal Case No. 08 CV 2795 |
| | ) | Judge Lindberg |
| | ) | Magistrate Judge Brown |
| NEW PRIME, INC., a foreign corporation | ) | |
| and MARI MARSH, Special Representative | ) | Defendants demand trial by jury |
| of the ESTATE OF WILLIAM CUMMINGS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT AT LAW

NOW COME the defendants, MARI MARSH, Special Representative of the ESTATE

OF WILLIAM CUMMINGS, deceased and NEW PRIME, INC., a Nebraska corporation, by and

through their attorneys herein, DOWD & DOWD, LTD., and answering plaintiffs' Complaint at

Law as follows:

COUNT I
(ESTATE OF WILLIAM CUMMINGS – FRANK WYATT)

1.      On December 6, 2006, Interstate 94 was a thoroughfare in the City of Chicago,

County of Cook and State of Illinois which ran in a generally northerly and southerly direction at

or about 107th Street.

ANSWER:      The defendant Mari Marsh, Special Representative of the Estate of

William Cummings, deceased, admits the allegations contained in paragraph 1.

2.      On December 6, 2006, William Cummings was the operator of a tractor trailer

proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 2.

3.     On December 6, 2006, New Prime, Inc. was a Nebraska corporation licensed to do business in the State of Illinois.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that New Prime, Inc. was a Nebraska corporation authorized to do business in the State of Illinois.

4.     On December 6, 2006, New Prime, Inc. was in the business of the interstate delivery of freight which held a Motor Carrier License in the State of Illinois.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that New Prime, Inc. was a motor carrier transporting property in interstate commerce at the time referenced.

5.     On December 6, 2006, New Prime, Inc., USDOT number 003706, was the registered owner of the tractor operated by William Cummings.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 5.

6.     On December 6, 2006, a placard was present on the tractor operated by William Cummings which stated "Prime, Inc."

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 6.

7.     There was in effect, at all times herein relevant, 625 ILCS 5/18C-4307, which stated in part as follows:

> The holder of a motor carrier license shall exercise direct supervision in control over all operations conducted with vehicles registered under its license or utilized in conducting operations under its license…

ANSWER:     This defendant admits the existence of the referenced statute and its described content.

8.     On December 6, 2006, Frank Wyatt was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     This defendant admits the allegations contained in paragraph 8.

9.     Approximately two miles before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 9, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

10.     Approximately one mile before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 10, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

11.     On December 6, 2006, northbound traffic on Interstate 94 north of 107th Street was stop and go due to ongoing construction and the resulting traffic congestion.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 11, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

12.     On December 6, 2006, Frank Wyatt slowed his tractor trailer in response to the condition of traffic as he proceeded in a northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 12, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

13.     On December 6, 2006 while either at a complete stop or a slow roll, the tractor trailer occupied by Frank Wyatt was struck in the rear by the front of the tractor trailer operated by William Cummings.

ANSWER:     The defendant Mari Marsh Special Representative of the Estate of William Cummings admits that a collision occurred between the vehicles operated by Franklin Wyatt and William Cummings and that the Wyatt trailer was contacted in the rear.  As to the remaining allegations contained in paragraph 13, for want of sufficient information the form of belief as to the truth or falsity of same, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

14.    That at all times herein relevant, it was the duty of the defendant, William Cumming, to exercise reasonable care and caution in the operation of the tractor trailer under his control.

ANSWER:    This defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that at the times relevant decedent William Cummings owed a duty to exercise ordinary care in the operation of the vehicle he was driving; insofar and to the extent that the allegations contained in paragraph 14 are at variance with the referenced duty, this defendant denies same.

15.    That notwithstanding his duty as aforestated, William Cummings was then and there guilty of one or more or all of the following negligent acts or omissions to act:

a.    failed to reduce his speed contrary to and in violation of 625 ILCS 5/11-601;

b.    traveled at an excessive rate of speed given the condition of traffic on the roadway contrary to and in violation of 625 ILCS 5/11-601;

c.    operated the tractor trailer under his control in a reckless fashion contrary to and in violation of 625 ILCS 5/11-503;

d.    failed to keep a proper look-out for the conditions of traffic on the roadway;

e.    failed to undertake a maneuver necessary to avoid an accident;

f.    failed to use or sound his horn when it was required for the safe operation of his vehicle contrary to and in violated of 625 ILCS 5/12-601.

ANSWER:    This defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, denies the allegations contained in paragraph 15 including those allegations set forth in subparagraphs (a) through (f), inclusive.

16.     That as a direct and proximate result of one or more or all of the aforesaid negligent acts or omissions to act, Frank Wyatt suffered serious personal injury, has and will in the future expend sums of money for medical care and treatment, has and will in the future experience pain, suffering, disability and lost income as a result of the injury suffered.

ANSWER:     This defendant, Mari Marsh, Special Representative of the Estate of the William Cummings, deceased, denies the allegations set forth in paragraph 16.

17.     On December 6, 2006, William Cummings died as a result of the trauma suffered in the collision referenced above.

ANSWER: This defendant, Mari Marsh, Special Representative of the Estate of the William Cummings, deceased, admits the allegations set forth in paragraph 17.

18.     Pursuant to Section 5/13-209(b)(2) of the Illinois Code of Civil Procedure, Mari Marsh has been appointed Special Representative of the Estate of William Cummings, deceased.

ANSWER:     This defendant, Mari Marsh, Special Representative of the Estate of the William Cummings, deceased, admits the allegations set forth in paragraph 18.

WHEREFORE, the defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, prays this honorable Court for entry of an Order in her favor and against the plaintiffs and further prays that this suit, so wrongly brought, be dismissed at plaintiffs' cost and expense.

<u>COUNT II</u>
(NEW PRIME, INC. – FRANK WYATT)

1.     On December 6, 2006, Interstate 94 was a thoroughfare in the City of Chicago, County of Cook and State of Illinois which ran in a generally northerly and southerly direction at or about 107th Street.

6

ANSWER:     The defendant New Prime, Inc. admits the allegations contained in paragraph 1.

2.     On December 6, 2006, William Cummings was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     The defendant New Prime, Inc. admits the allegations contained in paragraph 2.

3.     On December 6, 2006, New Prime, Inc. was a Nebraska corporation licensed to do business in the State of Illinois.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that New Prime, Inc. was a Nebraska corporation authorized to do business in the State of Illinois.

4.     On December 6, 2006, New Prime, Inc. was in the business of the interstate delivery of freight which held a Motor Carrier License in the State of Illinois.

ANSWER:     The defendant New Prime, Inc. was a motor carrier transporting property in interstate commerce at the time referenced.

5.     On December 6, 2006, New Prime, Inc. USDOT number 003706, was the registered owner of the tractor operated by William Cummings.

ANSWER:     The defendant New Prime, Inc. admits the allegations contained in paragraph 5.

6.     On December 6, 2006, a placard was present on the tractor operated by William Cummings which stated "Prime, Inc."

ANSWER:     The defendant New Prime, Inc., admits the allegations contained in paragraph 6.

7.     There was in effect, at all times herein relevant, 625 ILCS 5/18C-4307, which stated in part as follows:

> The holder of a motor carrier license shall exercise direct supervision in control over all operations conducted with vehicles registered under its license or utilized in conducting operations under its license…

ANSWER:     This defendant admits the existence of the referenced statute and its described content.

8.     On December 6, 2006, Frank Wyatt was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     This defendant admits the allegations contained in paragraph 8.

9.     Approximately two miles before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 9, the defendant New Prime, Inc. neither admits nor denies such allegations but demands strict proof thereof.

10.     Approximately one mile before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER: For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 10, the defendant New Prime, Inc., neither admits nor denies such allegations but demands strict proof thereof.

11.     On December 6, 2006, northbound traffic on Interstate 94 north of 107th Street was stop and go due to ongoing construction and the resulting traffic congestion.

ANSWER:    For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 11, the defendant New Prime, Inc. neither admits nor denies such allegations but demands strict proof thereof.

12.    On December 6, 2006, Frank Wyatt slowed his tractor trailer in response to the condition of traffic as he proceeded in a northerly direction on Interstate 94 at or about 107th Street.

ANSWER:    For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 12, the defendant New Prime, Inc. neither admits nor denies such allegations but demands strict proof thereof.

13.    On December 6, 2006 while either at a complete stop or a slow roll, the tractor trailer occupied by Frank Wyatt was struck in the rear by the front of the tractor trailer operated by William Cummings.

ANSWER:    The defendant Mari Marsh Special Representative of the Estate of William Cummings admits that a collision occurred between the vehicles operated by Franklin Wyatt and William Cummings and that the Wyatt trailer was contacted in the rear.  As to the remaining allegations contained in paragraph 13, for want of sufficient information the form of belief as to the truth or falsity of same, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

14.    That at all times herein relevant, it was the duty of the defendant, William Cumming, to exercise reasonable care and caution in the operation of the tractor trailer under his control.

ANSWER:       This defendant, New Prime, Inc. admits that at the times relevant decedent William Cummings owed a duty to exercise ordinary care in the operation of the vehicle he was driving; insofar and to the extent that the allegations contained in paragraph 14 are at variance with the referenced duty, this defendant denies same.

15.       That notwithstanding his duty as aforestated, William Cummings was then and there guilty of one or more or all of the following negligent acts or omissions to act:

a.       failed to reduce his speed contrary to and in violation of 625 ILCS 5/11-601;

b.       traveled at an excessive rate of speed given the condition of traffic on the roadway contrary to and in violation of 625 ILCS 5/11-601;

c.       operated the tractor trailer under his control in a reckless fashion contrary to and in violation of 625 ILCS 5/11-503;

d.       failed to keep a proper look-out for the conditions of traffic on the roadway;

e.       failed to undertake a maneuver necessary to avoid an accident;

f.       failed to use or sound his horn when it was required for the safe operation of his vehicle contrary to and in violated of 625 ILCS 5/12-601.

ANSWER:       This defendant, New Prime, Inc. denies the allegations contained in paragraph 15 including those allegations set forth in subparagraphs (a) through (f), inclusive.

16.       That as a direct and proximate result of one or more or all of the aforesaid negligent acts or omissions to act, Frank Wyatt suffered serious personal injury, has and will in the future expend sums of money for medical care and treatment, has and will in the future experience pain, suffering, disability and lost income as a result of the injury suffered.

ANSWER:       This defendant, New Prime, Inc. denies the allegations set forth in paragraph 16.

17.     On December 6, 2006, William Cummings died as a result of the trauma suffered in the collision referenced above.

ANSWER: This defendant, New Prime, Inc. admits the allegations set forth in paragraph 17.

18.     Pursuant to Section 5/13-209(b)(2)  of the Illinois Code of Civil Procedure, Mari Marsh has been appointed Special Representative of the Estate of William Cummings, deceased.

ANSWER:     This defendant, New Prime, Inc. admits the allegations set forth in paragraph 18.

WHEREFORE, the defendant, New Prime, Inc., prays this honorable Court for entry of an Order in her favor and against the plaintiffs and further prays that this suit, so wrongly brought, be dismissed at plaintiffs' cost and expense.

## COUNT III
### (ESTATE OF WILLIAM CUMMINGS – JACALYN WYATT)

1.     On December 6, 2006, Interstate 94 was a thoroughfare in the City of Chicago, County of Cook and State of Illinois which ran in a generally northerly and southerly direction at or about 107th Street.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 1.

2.     On December 6, 2006, William Cummings was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 2.

3.     On December 6, 2006, New Prime, Inc. was a Nebraska corporation licensed to do business in the State of Illinois.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that New Prime, Inc. was a Nebraska corporation authorized to do business in the State of Illinois.

4.     On December 6, 2006, New Prime, Inc. was in the business of the interstate delivery of freight which held a Motor Carrier License in the State of Illinois.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that New Prime, Inc. was a motor carrier transporting property in interstate commerce at the time referenced.

5.     On December 6, 2006, New Prime, Inc., USDOT number 003706, was the registered owner of the tractor operated by William Cummings.

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 5.

6.     On December 6, 2006, a placard was present on the tractor operated by William Cummings which stated "Prime, Inc."

ANSWER:     The defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 6.

7.     There was in effect, at all times herein relevant, 625 ILCS 5/18C-4307, which stated in part as follows:

> The holder of a motor carrier license shall exercise direct supervision in control over all operations conducted with vehicles registered under its license or utilized in conducting operations under its license…

ANSWER:     This defendant admits the existence of the referenced statute and its described content.

8.      On December 6, 2006, Frank Wyatt was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:      This defendant admits the allegations contained in paragraph 8.

9.      Approximately two miles before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:      For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 9, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

10.     Approximately one mile before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:      For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 10, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

11.     On December 6, 2006, northbound traffic on Interstate 94 north of 107th Street was stop and go due to ongoing construction and the resulting traffic congestion.

ANSWER:      For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 11, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

12.     On December 6, 2006, Frank Wyatt slowed his tractor trailer in response to the condition of traffic as he proceeded in a northerly direction on Interstate 94 at or about 107th Street.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 12, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

13.     On December 6, 2006 while either at a complete stop or a slow roll, the tractor trailer occupied by Frank Wyatt was struck in the rear by the front of the tractor trailer operated by William Cummings.

ANSWER:     The defendant Mari Marsh Special Representative of the Estate of William Cummings admits that a collision occurred between the vehicles operated by Franklin Wyatt and William Cummings and that the Wyatt trailer was contacted in the rear.  As to the remaining allegations contained in paragraph 13 for want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 13, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

14.     That at all times herein relevant, it was the duty of the defendant, William Cumming, to exercise reasonable care and caution in the operation of the tractor trailer under his control.

ANSWER:     This defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits that at the times relevant, decedent William Cummings owed a duty to exercise ordinary care in the operation of the vehicle he was driving; insofar and

to the extent that the allegations contained in paragraph 14 are at variance with the referenced duty, this defendant denies same.

     15.    That notwithstanding his duty as aforestated, William Cummings was then and there guilty of one or more or all of the following negligent acts or omissions to act:

     a.    failed to reduce his speed contrary to and in violation of 625 ILCS 5/11-601;

     b.    traveled at an excessive rate of speed given the condition of traffic on the roadway contrary to and in violation of 625 ILCS 5/11-601;

     c.    operated the tractor trailer under his control in a reckless fashion contrary to and in violation of 625 ILCS 5/11-503;

     d.    failed to keep a proper look-out for the conditions of traffic on the roadway;

     e.    failed to undertake a maneuver necessary to avoid an accident;

     f.    failed to use or sound his horn when it was required for the safe operation of his vehicle contrary to and in violated of 625 ILCS 5/12-601.

ANSWER:    This defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, denies the allegations contained in paragraph 15 including those allegations set forth in subparagraphs (a) through (f), inclusive.

     16.    That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions to act, Frank Wyatt suffered serious personal injury

ANSWER:    The defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, denies the allegations contained in paragraph 16.

     17.    On December 6, 2006, Jacalyn Wyatt was the lawfully wed spouse of Frank Wyatt.

ANSWER:      For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 17, the defendant Mari Marsh, Special Representative of the Estate of William Cummings, deceased, neither admits nor denies such allegations but demands strict proof thereof.

18.      That as a direct and proximate result of the serious personal injury suffered by Frank Wyatt, Jacalyn Wyatt sustained the loss of Frank Wyatt's consortium, companionship, society and support.

ANSWER:      The defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, denies the allegations contained in paragraph 18.

19.      On December 6, 2006, William Cummings died as a result of the trauma suffered in the collision referenced above.

ANSWER:      The defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 19.

20.      Pursuant to Section 5/13-209(b)(2) of the Illinois Code of Civil Procedure, Mari Marsh, has been appointed Special Representative of the Estate of William Cummings, deceased.

ANSWER:      The defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, admits the allegations contained in paragraph 20.

WHEREFORE, the defendant, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, prays this honorable Court for entry of an Order in her favor and against the plaintiffs and further prays that this suit, so wrongly brought, be dismissed at plaintiffs' cost and expense.

<u>COUNT IV</u>

(NEW PRIME, INC.- JACALYN WYATT)

1.      On December 6, 2006, Interstate 94 was a thoroughfare in the City of Chicago, County of Cook and State of Illinois which ran in a generally northerly and southerly direction at or about 107th Street.

ANSWER:      The defendant New Prime, Inc. admits the allegations contained in paragraph 1.

2.      On December 6, 2006, William Cummings was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:      The defendant New Prime, Inc. admits the allegations contained in paragraph 2.

3.      On December 6, 2006, New Prime, Inc. was a Nebraska corporation licensed to do business in the State of Illinois.

ANSWER:      The defendant New Prime, Inc. was a Nebraska corporation authorized to do business in the State of Illinois.

4.      On December 6, 2006, New Prime, Inc. was in the business of the interstate delivery of freight which held a Motor Carrier License in the State of Illinois.

ANSWER:      The defendant New Prime, Inc., admits that New Prime, Inc. was a motor carrier transporting property in interstate commerce at the time referenced.

5.      On December 6, 2006, New Prime, Inc., USDOT number 003706, was the registered owner of the tractor operated by William Cummings.

ANSWER:      The defendant New Prime, Inc., admits the allegations contained in paragraph 5.

6.      On December 6, 2006, a placard was present on the tractor operated by William Cummings which stated "Prime, Inc."

ANSWER:      The defendant New Prime, Inc., admits the allegations contained in paragraph 6.

7.      There was in effect, at all times herein relevant, 625 ILCS 5/18C-4307, which stated in part as follows:

> The holder of a motor carrier license shall exercise direct supervision in control over all operations conducted with vehicles registered under its license or utilized in conducting operations under its license…

ANSWER:      This defendant admits the existence of the referenced statute and its described content.

8.      On December 6, 2006, Frank Wyatt was the operator of a tractor trailer proceeding in a generally northerly direction on Interstate 94 at or about 107th Street.

ANSWER:      This defendant admits the allegations contained in paragraph 8.

9.      Approximately two miles before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:      For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 9, the defendant New Prime, Inc., deceased, neither admits nor denies such allegations but demands strict proof thereof.

10.      Approximately one mile before the area where Interstate 94 intersects with 107th Street, there was an illuminated sign on the side of the roadway warning northbound drivers of a construction zone and likely traffic delay ahead.

ANSWER:    For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 10, the defendant New Prime, Inc., neither admits nor denies such allegations but demands strict proof thereof.

11.    On December 6, 2006, northbound traffic on Interstate 94 north of 107th Street was stop and go due to ongoing construction and the resulting traffic congestion.

ANSWER:    For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 11, the defendant New Prime, Inc., deceased, neither admits nor denies such allegations but demands strict proof thereof.

12.    On December 6, 2006, Frank Wyatt slowed his tractor trailer in response to the condition of traffic as he proceeded in a northerly direction on Interstate 94 at or about 107th Street.

ANSWER:    For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 12, the defendant New Prime, Inc., neither admits nor denies such allegations but demands strict proof thereof.

13.    On December 6, 2006 while either at a complete stop or a slow roll, the tractor trailer occupied by Frank Wyatt was struck in the rear by the front of the tractor trailer operated by William Cummings.

ANSWER:    The defendant Mari Marsh Special Representative of the Estate of William Cummings admits that a collision occurred between the vehicles operated by Franklin Wyatt and William Cummings and that the Wyatt trailer was contacted in the rear.  As to the remaining allegations contained in paragraph 13 for want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 13, the defendant New Prime, Inc. neither admits nor denies such allegations but demands strict proof thereof.

14.    That at all times herein relevant, it was the duty of the defendant, William Cumming, to exercise reasonable care and caution in the operation of the tractor trailer under his control.

ANSWER:    This defendant, New Prime, Inc., admits that at the times relevant, decedent William Cummings owed a duty to exercise ordinary care in the operation of the vehicle he was driving; insofar and to the extent that the allegations contained in paragraph 14 are at variance with the referenced duty, this defendant denies same.

15.    That notwithstanding his duty as aforestated, William Cummings was then and there guilty of one or more or all of the following negligent acts or omissions to act:

a.    failed to reduce his speed contrary to and in violation of 625 ILCS 5/11-601;

b.    traveled at an excessive rate of speed given the condition of traffic on the roadway contrary to and in violation of 625 ILCS 5/11-601;

c.    operated the tractor trailer under his control in a reckless fashion contrary to and in violation of 625 ILCS 5/11-503;

d.    failed to keep a proper look-out for the conditions of traffic on the roadway;

e.    failed to undertake a maneuver necessary to avoid an accident;

f.    failed to use or sound his horn when it was required for the safe operation of his vehicle contrary to and in violated of 625 ILCS 5/12-601.

ANSWER:    This defendant, New Prime, Inc., denies the allegations contained in paragraph 15 including those allegations set forth in subparagraphs (a) through (f), inclusive.

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions to act, Frank Wyatt suffered serious personal injury

ANSWER:     The defendant, New Prime, Inc. denies the allegations contained in paragraph 16.

17.     On December 6, 2006, Jacalyn Wyatt was the lawfully wed spouse of Frank Wyatt.

ANSWER:     For want of sufficient information the form of belief as to the truth or falsity of the allegations contained in paragraph 17, the defendant New Prime, Inc. neither admits nor denies such allegations but demands strict proof thereof.

18.     That as a direct and proximate result of the serious personal injury suffered by Frank Wyatt, Jacalyn Wyatt sustained the loss of Frank Wyatt's consortium, companionship, society and support.

ANSWER:     The defendant, New Prime, Inc. denies the allegations contained in paragraph 18.

19.     On December 6, 2006, William Cummings died as a result of the trauma suffered in the collision referenced above.

ANSWER:     The defendant, New Prime, Inc. admits the allegations contained in paragraph 19.

20.     Pursuant to Section 5/13-209(b)(2) of the Illinois Code of Civil Procedure, Mari Marsh, has been appointed Special Representative of the Estate of William Cummings, deceased.

ANSWER:     The defendant, New Prime, Inc. admits the allegations contained in paragraph 20.

WHEREFORE, the defendant, New Prime, Inc., prays this honorable Court for entry of an Order in her favor and against the plaintiffs and further prays that this suit, so wrongly brought, be dismissed at plaintiffs' cost and expense.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

NOW COME the defendants, Mari Marsh, Special Representative of the Estate of William Cummings, deceased and New Prime, Inc., a foreign corporation, and for their first affirmative defense to the plaintiffs' Complaint at Law, state as follows:

1.      At all times relevant, it was then and there the duty of the plaintiff, Franklin Wyatt, to exercise ordinary care in the operation of his motor vehicle.

2.      In addition to the foregoing, plaintiff Franklin Wyatt then and there had a duty to operate his tractor-trailer in accordance with all applicable State of Illinois traffic laws and federal motor carrier statutes and regulations.

3.      Notwithstanding the foregoing, plaintiff Franklin Wyatt was guilty of one or more of the following negligent acts and/or omissions:

a.      Failed to display appropriate yellow or amber lights on the rear of its trailer, visible to ongoing motorists at night, in violation of 625 ILCS 5/12-202(a);

b.      Failed to have operational working red lights to the rear of its trailer, plainly visible to oncoming motorists at night, in violation of 625 ILCS 5/12-202(a);

c.      Failed to display a parking light to the rear of his trailer while standing on a highway, in violation of 625 ILCS 5/12-203;

d.      Failed to conduct a pre-trip inspection of his tractor-trailer motor vehicle immediately prior to the incident complained of to ensure that it was in safe operating condition, in violation of Section 396.13(a) of the Federal Motor Carrier Safety Regulations;

e.   Failed to review the last driver vehicle inspection report concerning the operational condition of the tractor-trailer motor vehicle he was operating, before driving his motor vehicle immediately prior to the incident complained of, in violation of Section 396.13(b); of the Federal Motor Carrier Safety regulations;

f.   Operated his tractor-trailer motor vehicle in such condition as to likely cause an accident in violation of Section 396.7(a) of the Federal Motor Carrier Safety Regulations;

g.   Failed to inspect his tractor-trailer motor vehicle so as to ensure that said vehicle's lighting devices and reflectors, parts, and accessories were in proper working condition, without defect or deficiency, and further failed to report said condition to the motor carrier for which he was driving prior to the complained-incident, in violation of Section 396.11 of the Federal Motor Carrier Safety Regulations; and

h.   Was other careless and negligent.

4.   As a direct and proximate result of one or more the foregoing negligent acts and/or omissions, plaintiff Franklin Wyatt and plaintiff Jacalyn Wyatt sustained those injuries and incurred those damages identified in their Complaint at Law.

5.   There was in full force and effect at the time of the incident Section 5/211-16 of the Illinois Code of Civil Procedure, entitled Limitation on Recovery and Tort Acts.   Pursuant thereto, a plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.   Moreover, in the event the trier of fact determines that the contributory fault on the part of the plaintiff is not more than 50% of the

proximate cause of the injury or damage for which recovery is sought, damages allowed shall be diminished in proportion to the amount of fault attributable to the plaintiff.

WHEREFORE, the defendants Mari Marsh, Special Representative of the Estate of William Cummings, deceased, and New Prime, Inc., a foreign corporation, pray that this suit, so wrongly brought, be dismissed at plaintiffs' costs and expense in the event trier determines that the plaintiff Franklin Wyatt's percentage of contributory fault exceeds 50% or alternatively, reducing plaintiffs' recovery in proportion to the plaintiff Franklin Wyatt's percentage of culpable fault should Franklin Wyatt's contributory fault be found 50% or less.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs have failed to mitigate their damages.

DOWD & DOWD, LTD.

By:    s/ Robert J. Golden
Attorneys for the defendants, NEW PRIME, INC.
and MARI MARSH, Special Representative of the
Estate of William Cummings

24

## <u>CERTIFICATE OF SERVICE</u>

To: Daniel McDevitt
  Dwyer & McDevitt, Ltd.
  30 N. LaSalle Street, Ste. 3900
  Chicago, Illinois 60602

  I, a non-attorney, being first duly sworn on oath, depose and state that the attached above-named document was served to the above mentioned as addressed by depositing a true and correct copy thereof in a sealed envelope, first-class postage, prepaid, in the U.S. Mail at the corner of Jefferson and Fulton, Chicago, Illinois 60601 on July 2, 2008.

       /s/Carol L. Wells