RJG:clw                                                                                                  5946-25182

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK WYATT and JACALYN WYATT,        ) | |
| )   | |
| Plaintiffs,            )     | |
| )     | |
| v.                             )    | Federal Case No. 08 CV 2795 |
| )     | Judge Lindberg |
| )     | Magistrate Judge Brown |
| NEW PRIME, INC., a foreign corporation             )  | |
| and MARI MARSH, Special Representative         ) | Defendants demand trial by jury |
| of the ESTATE OF WILLIAM CUMMINGS,             )  | |
| )     | |
| Defendants.              )    | |

## JOINT INITIAL STATUS REPORT OF PARTIES

NOW COME the defendants, Mari Marsh, Special Representative of the Estate of William Cummings, deceased and New Prime, Inc., and the plaintiffs FRANK WYATT and JACALYN WYATT, by and through their respective counsel, DOWD & DOWD, LTD. and DWYER & McDEVITT, LTD., the parties having conferred, submit for the Court's consideration this joint initial status report, stating as follows:

    A.    The attorneys of record for each party, including attorney(s) information:

        Attorneys for defendants, Mari Marsh, Special Representative of the Estate of
        William Cummings, deceased and New Prime, Inc.

        Robert J. Golden
        Michael G. Patrizio
        DOWD & DOWD, LTD.
        617 West Fulton Street
        Chicago, Illinois 60661
        (312) 704-4400    (312) 704-4500 fax

        Attorneys for plaintiffs, Frank Wyatt and Jacalyn Wyatt

        Daniel J. McDevitt

    Dwyer & McDevitt
    30 North LaSalle Street, Ste. 3900
    Chicago, Illinois 60602
    (312)

  B. The basis of federal jurisdiction.

This matter arises out of a motor vehicle collision occurring in the City of Chicago, Cook County, Illinois, on December 6, 2006. The case was removed from the Circuit Court of Cook County, County Department, Law Division to this Court by defense counsel pursuant to the provisions of 28 U.S.C. Section 1446(a) and (b) on diversity of citizenship grounds , 28 U.S.C. Section 1332(a)(1)(b) and (c)(1).

  C. The nature of the claims asserts in the complaint and any expected counterclaim.

Plaintiffs Frank Wyatt and Jacalyn Wyatt seeks redress for injuries and loss of consortium allegedly sustained as a result of a motor vehicle accident occurring on northbound I-94 at 108th Street in Chicago, Cook County, Illinois, on December 6, 2006. Plaintiff Frank Wyatt claims to have sustained an injury to his spine during this motor vehicle collision which necessitated a cervical fusion surgical procedure in May, 2008. Plaintiff Jacalyn Wyatt claims to have sustained the loss of her husband's consortium, companionship, society and support as a result of the injuries sustained by him in the referenced incident.

Defendants dispute plaintiffs' negligence claims, the cause and origin of plaintiffs' injuries and damages and the nature and extent of same.

It is anticipated that an additional claim against these defendants and, possibly, plaintiff Frank Wyatt will be made by the passengers traveling in the defendants' vehicle at the time of the incident defendant's decedent William Cummings' wife Emmanuela Cummings, his stepdaughter Becky Cummings, his son Timothy Cummings and daughter Karen Cummings. It is anticipated that decedent's spouse and children will name as party defendants the defendants

herein, New Prime, Inc., the Estate of William Cummings, plaintiff Frank Wyatt and the motor carrier for whom Wyatt was driving at the time at the accident, Great Lakes Transportation, Inc.

Further, it is anticipated that defendants herein, Mari Marsh, Special Representative of the Estate of William Cummings, deceased, and New Prime, Inc. will present their third-party action in contribution against Great Lakes Transportation, Inc. seeking contribution for the injuries and damages alleged by plaintiffs here.

D. The name of any party who or which has not been served, and any fact or circumstances related to non-service of process on such party.

Both defendants to this lawsuit have been served with process and all parties and counsel for same have filed their appearances.

E. The principal legal issues.

The principal legal issues to be addressed at the trial of this cause will center on whether defendants' conduct constituted negligence under existing Illinois law, whether the plaintiff Frank Wyatt's pre-accident conduct constituted negligence under Illinois law and whether the plaintiff Frank Wyatt's "employer" Great Lakes Transportation, Inc.'s pre-accident conduct constituted negligence under Illinois law, whether their exists competent medical evidence to support plaintiff's Frank Wyatt's contention that the subject motor vehicle was a competent cause of his claimed spinal injury and related maladies as well as the nature and extent of plaintiff Jacalyn Wyatt's injuries and damages.

F. The principal factual issues.

The factual legal issues to be addressed during the litigation involved the following:

1. Whether the defendants reduced their vehicle's speed in those moments immediately preceding the subject motor vehicle collision;

2. Whether the defendants operated their vehicle at a speed greater than proper and reasonable with regard to existing traffic conditions and roadway conditions in the moments immediately preceding the subject occurrence;

3. Whether the defendants operated their tractor-trailer in a reckless fashion prior to the subject occurrence;

4. Whether the defendants maintained a proper lookout for the condition of traffic on the roadway in those moments preceding the subject occurrence;

5. Whether the defendants undertook maneuvers necessary to avoid an accident in those moments immediately preceding the subject occurrence;

6. Whether the defendant sounded their vehicles' horn when it was required for the safe operation of said vehicle in those moments preceding the subject occurrence;

7. Whether plaintiff, Frank Wyatt, appropriately displayed operational, working amber and red lights to rear of his trailer visible to oncoming motorists at the time of the subject occurrence;

9. Whether plaintiff, Frank Wyatt, displayed parking lights to the rear of his trailer while standing on a highway immediately prior to the subject occurrence;

10. Whether plaintiff, Frank Wyatt, had conducted a pre-trip inspection of his tractor-trailer to ensure that it was in safe operating condition prior to the subject occurrence;

11. Whether plaintiff, Frank Wyatt, reviewed the last driver vehicle inspection report concerning the operational condition of his tractor-trailer prior to the subject occurrence;

12. Whether plaintiff, Frank Wyatt, operated his tractor-trailer in condition likely to cause an accident at the time of the occurrence;

13. Whether plaintiff, Frank Wyatt, inspected his tractor-trailer to ensure that the trailer's lighting devices, reflectors, parts and accessories were in proper working condition prior to the occurrence;

14. Whether plaintiff Frank Wyatt sustained injury in this motor vehicle accident;

15. Whether plaintiff Jacalyn Wyatt sustained a loss of consortium as a result of this motor vehicle accident;

16. Whether the claimed collision was sufficient to cause those injuries claimed by plaintiffs herein;

17. Whether the acts of the defendants were a proximate of the plaintiff Frank Wyatt's personal injuries and damages and plaintiff Jacalyn Wyatt's loss of consortium injuries;

18. The cause and origin of plaintiff's claimed back and shoulder maladies;

19. The permanent nature of plaintiff Frank Wyatt's claimed maladies;

20. Whether plaintiff Frank Wyatt sustained a wage loss as a result of the subject occurrence; and

21. Whether plaintiff will be required to incur medical expenses in the future as a result of injuries sustained in this accident.

G. Whether a jury trial has been or is expected to be demanded by any party.

The defendants, Mari Marsh, Special Representative of the Estate of William Cummings, deceased and New Prime, Inc., have demanded a trial by jury in this cause.

H. A brief description of any discovery that has been taken and of the discovery anticipated to be required. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1.

The plaintiffs have voluntarily secured copies and tendered to the defense all medical records secured by plaintiffs to date.

The defendants have issued appropriate written discovery in the form of interrogatories and document production requests to the plaintiffs.

It is anticipated that plaintiffs will tender standardized interrogatories and document production requests to the defendants.

It is further anticipated that depositions will be taken of both the plaintiff Frank Wyatt and plaintiff Jacalyn Wyatt.  The parties may similarly seek to depose those persons riding as passengers in the defendants' vehicle – Emmanuela Cummings, Becky Cummings, and quite possibly Karen Cummings.   The parties may seek to depose all investigating Illinois State Police officers and all individuals to be listed on the respective parties' Rule 26(a) disclosure filings.

The parties will similarly seek to depose those physicians and medical health care professionals who rendered medical care to plaintiff Frank Wyatt, who continued to render medical care to plaintiff Frank Wyatt and may render medical care to plaintiff Frank Wyatt in the future.   The parties may similarly seek to depose any physicians who rendered medical care and treatment to plaintiff Frank Wyatt before the subject occurrence.

It is further anticipated that the parties will subpoena the records of all pre- and post-incident treating physicians and medical health care professionals, as well as the employment records of plaintiff Frank Wyatt.

The parties will file their respective Rule 26 Disclosures in accordance with all Court Orders and Rules of Court.

I.       The earliest date the parties would be ready for trial and an estimate of the probable length of the trial.

As plaintiff has only recently undergone a spinal fusion surgery within the past seven weeks and his recuperation is at its earliest stages, the parties do not anticipate completing medical discovery and being ready for trial for at least nine months, no earlier than March 2009. The parties reasonably expect the length of this trial to last no longer than five days.

J.      Whether the parties consent unanimously to proceed before a Magistrate Judge.

The parties will discuss the potential for unanimously consenting to proceed before a magistrate judge should this Court's mandated "parties' face-to-face settlement conference" prove unsuccessful.

K.      The status of any settlement discussions.

As plaintiff's medical treatment is ongoing and continues to this day, the parties have not yet convened settlement discussions.

L.      Whether the parties request a settlement conference.

The parties will, in accordance with this Court's Standing Order, submit to a "parties' face-to-face" settlement conference within 30 days of the initial case status hearing.

Respectfully submitted,

DOWD & DOWD, LTD.

By:   /s/ Robert J. Golden
      Attorneys for the defendants
      Mari Marsh, Special Representative of the
      Estate of William Cummings, deceased and
      New Prime, Inc.

DWYER & McDEVITT, LTD.

By:   /s/ Daniel J. McDevitt
      Attorneys for the plaintiffs
      Frank Wyatt and Jacalyn Wyatt